IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO.727 ) | |
| HEALTH AND WELFARE FUND, *et al.* ) | |
| ) | Case No. 19-cv-6082 |
| Plaintiffs, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| DE LA TORRE FUNERAL HOME & ) | |
| CREMATION SERVICES, INC, *et al.* ) | |
| | |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

Teamsters Local Union No. 727 Health and Welfare Fund, Teamsters Local Union No. 727 Pension Fund, and Teamsters Local Union No. 727 Legal and Educational Assistance Fund (collectively "Plaintiffs") brought this suit against De La Torre Funeral Home & Cremation Services, Inc., ("De La Torre Funeral Home"), Melita Incorporated d/b/a Logan Square Funeral Home ("Logan Square Funeral Home"), Rosa De La Torre, Violetta De La Torre, and Edward De La Torre (collectively "Defendants"). Plaintiffs seek to hold Defendants liable for a settlement agreement entered into by Defendant De La Torre Funeral Home under the theories of alter ego liability, joint employer liability, and successor liability. [33, at ¶¶ 64–67, 80–96]. Plaintiffs also seek an order requiring Defendants to permit Plaintiffs to audit Logan Square Funeral Home's payroll. [*Id.*, at ¶¶ 68–79]. Defendants moved to dismiss the complaint [39]. For the reasons below, Defendants' motion to dismiss [39] is denied. Counsel are directed to file a joint status report, including a discovery plan and a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, no later than March 26, 2021.

I.     Background[1]

De La Torre Funeral Home was a funeral home located in Chicago, Illinois, and owned and operated by Eulalio De La Torre, Rosa De La Torre, Violetta De La Torre, and Edward De La Torre (collectively "De La Torre family"). [33, at ¶¶ 13–14]. The De La Torre Funeral Home is an employer covered by the Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Act ("ERISA"). [*Id.*, at ¶ 13]. In March 2011, De La Torre Funeral Home entered into a compliance agreement with the Teamsters Local 727 by which it agreed to be bound by CBAs with Local 727 and the Funeral Directors Services Association of Greater Chicago. [*Id.*, at ¶ 39]. Article 10 of the CBAs required De La Torre Funeral Home to make monthly contributions to the Health and Welfare, Pension, and Legal and Educational Assistance Funds ("Funds") per the terms set forth by respective Trust Agreements. [*Id.*, at ¶ 40]. Consistent

---

[1] The Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

with these agreements, the Trustees established a policy for the collection of contributions that requires employers to submit signed remittance reports with their monthly contributions. [*Id.*, at ¶ 42]. The Trustees also established a policy for conducting payroll audits of employers. [*Id.*, at ¶ 43].

An audit of De La Torre Funeral Home's payroll records from November 1, 2011, to April 30, 2014, found it to be delinquent in its contributions to each of the Funds. [*Id.*, at ¶ 50]. In 2014, the Funds brought a federal action against De La Torre Funeral Home to obtain the unpaid contributions, and a judgment in the amount of $84,941.29 (plus $40,778.50 for attorney's fees and costs) was entered against it. [*Id.*, at ¶ 52]. In August 2018, the Funds and De La Torre Funeral Home agreed to stay enforcement of this judgment pursuant to a "Settlement Agreement and Provision to Confess Judgment Upon Default" ("settlement agreement"). [*Id.*, at ¶ 53]. That agreement required De La Torre Funeral Home to pay the Funds $170,000 within 90 days of its execution. [*Id.*, at ¶ 54]. De La Torre Funeral Home made one payment of $50,000, but it made no other payments. [*Id.*, at ¶ 56]. The settlement agreement also contains a "warranty of attorney," which provides that in the event of Defendants' default,

> A clerk of court or any designated attorney is authorized to confess judgment with ten (10) days prior notice by the holders of the exercise of this confession of judgment, with costs of suit, without stay of execution and with an amount, for lien priority purposes, including all reasonable attorneys' fees and costs as provi[d]ed under section 505(g)(2) of ERISA.

[*Id.*, at ¶ 60 (capitalization altered)].

Eulalio De La Torre passed away on May 9, 2019, and the De La Torre family continued to operate De La Torre Funeral Home. [*Id.*, at ¶ 14]. According to the complaint, the De La Torre family inadequately capitalized De La Torre Funeral Home and claimed that the funeral home was "involuntarily dissolved, emptied of assets, and ceased all business operations as of September 13, 2019." [*Id.*, at ¶ 19, 28]. Defendants claim that the De La Torre Funeral Home was insolvent. [*Id.*, at ¶ 32]. However, the business continues to operate at the same locations, employing the same people, and using the same equipment. [*Id.*, at ¶ 19]. As of February 4, 2020, a sign outside the business read "De La Torre Funeral Home." [*Id.*, at ¶ 20]. As of this same date, "a Google search for De La Torre Funeral Home & Cremation Services, Inc., contains a link that when clicked, redirects inquiries to the business website for 'Logan Square Funeral Home.'" [*Id.*, at ¶ 21]. The De La Torre family operates the Logan Square Funeral Home. [*Id.*, at ¶ 23]. Rosa De La Torre was a partner, owner, operator, and officer at De La Torre Funeral Home and now serves in those roles at Logan Square Funeral Home. [*Id.*, at ¶ 16]. Violetta and Edward De La Torre were officers and owners of De La Torre Funeral Home and are now officers and owners of Logan Square Funeral Home. [*Id.*, at ¶¶ 17–18].

Plaintiffs allege, "[u]pon information and belief," that (1) both funeral homes "failed to issue stock to any of the owners"; (2) both funeral homes "did not pay dividends in the ordinary course of business, but rather distributed funds to the individual Defendants"; (3) both funeral homes "have not maintained corporate records"; (4) "the free transfer of corporate assets from" De La Torre Funeral Home to Logan Square Funeral Home "and the individual Defendants is a diversion and co-mingling of assets"; and (5) De La Torre Funeral Home merged with Logan

2

Square Funeral Home on or about the same date the latter company was incorporated. [*Id.*, at ¶¶ 15, 29, 31, 33–34]. Plaintiffs also allege that (1) "Defendants failed to observe corporate formalities, namely by failing to comply with the Illinois Business Corporation Act by allowing" De La Torre Funeral Home "to be involuntarily dissolved by the Secretary of State"; (2) "individual Defendants failed to maintain arm's length relationships among related entities"; (3) the funeral homes "are mere facades for the operation of the dominant shareholders, owners and related entities"; and (4) the "Defendants are alter egos of one another." [*Id.*, at ¶¶ 30, 35–37].

In their complaint, Plaintiffs seek to recover the confession of judgment figure. [*Id.*, at ¶¶ 64–67]. Plaintiffs also explain that, pursuant to the Trust Agreements, they sought to audit Defendants' payroll records from January 1, 2017, through present, but that Defendants have refused to schedule a payroll audit. [*Id.*, at ¶ 69–77]. Plaintiffs request that the Court compel Defendants to cooperate with Plaintiffs in conducting an audit. [*Id.*, at ¶ 79]. Plaintiffs' complaint proposes three theories of liability: "alter ego / veil piercing," "joint employer liability," and "successor liability." [*Id.*, at ¶¶ 80–96].

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint typically must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). In determining whether the complaint meets this standard, the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth*, 507 F.3d at 618.

## III.    Analysis

Defendants' motion to dismiss [39], though sparse, sets forth four arguments for why they believe Plaintiffs' complaint fails to state a claim. First, Defendants take issue with Plaintiffs' use of allegations made "upon information and belief," arguing that the complaint is therefore based on conjecture and speculation. [39, at ¶¶ 3–5]. Defendants do not cite to any authority to support their argument. Plaintiffs respond that first, only a few of the allegations are made on information and belief. [43, at 11]. They also explain that making allegations on information and belief can be permissible, particularly regarding matters "peculiarly within the knowledge of the defendants." [*Id.* (quoting *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005))]. The Court agrees. "When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are 'based on secondhand information that [he] believes to be true.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (alteration in original) (quoting *Information and Belief*, Black's Law Dictionary (6th ed. 1990); see also *Green v. Beth*, 663 F. App'x 471, 473 (7th Cir. 2016) (finding plaintiff's complaint plausible even though some facts

were alleged on information and belief); *Robinson v. Pfister*, 2019 WL 4305527, at *7 (N.D. Ill. Sept. 11, 2019) ("[C]ourts have 'routinely' found allegations on information and belief to be sufficient to survive a Rule 12(b)(6) motion"). Here, Plaintiffs allege upon information and belief facts related to the innerworkings and recordkeeping of the funeral homes. Without any argument from Defendants on why, here, Plaintiffs' allegations based on information and belief are inappropriate, the Court declines to grant their motion on this ground.

Second, Defendants fault Plaintiffs for including "allegations of entitlement." [39, at ¶ 6]. In doing so, they cite to a paragraph of Plaintiffs' complaint that states, "Plaintiff Funds are further entitled to interest and liquidated damages on late-paid contributions as required by the CBAs, the respective Trust Agreements and the Funds' Collection Policy, in accordance with the federal common law of contract." [33, at ¶ 45]. Defendants cite to no authority or further explain their argument about "allegations of entitlement." As such, this argument fails.

Third, Defendants take issue with (1) "Plaintiff[s'] position that the insolvency of a corporation results in a[n] 'unlawful motive and intent to evade obligations * * * and avoid liabilities" and (2) their allegations that "an insolvent corporation 'constitutes a scheme by defendants to carry out the fraudulent purpose of escaping liability.'" [39, at ¶ 7]. Defendants explain that the "entire purpose of incorporation is to shield shareholders from corporate liability," and that Plaintiffs contend "that this purpose is both unlawful and fraudulent." [*Id.*, at ¶ 8]. However, as Plaintiffs explain, this argument mischaracterizes their complaint. [43, at 5–6]. Plaintiffs do not allege that incorporation or the insolvency of a corporation is always unlawful; instead, they allege that here, the dissolution of the De La Torre Funeral Home and its seamless replacement with the Logan Square Funeral Home constitute a "scheme to accomplish" Defendants' "fraudulent purpose of avoiding the ERISA liability." [43, at 6]; see also [33, at ¶¶ 90, 95]. Defendants also argue that "Plaintiffs have not adequately alleged that the purpose of corporation in the instant case was for anything other than a lawful business purpose." [39, ¶ 8]. However, as just explained, Plaintiffs allege that Defendants dissolved De La Torre Funeral Home and incorporated Logan Square Funeral Home in order to avoid ERISA liability. [33, at ¶¶ 90, 95]. Further, Defendants do not argue that Plaintiffs failed to allege facts specific to demonstrate their theories of liability: alter ego, veil piercing, and successor liability.

In their Fourth argument, Defendants state that the complaint's "other inadequacies" are that "no Defendants are specifically identified in" several paragraphs of Plaintiffs' complaint. [39, at ¶ 9]. It is true that the Seventh Circuit has expressed concern about group pleading in certain situations. See, *e.g.*, *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). However, Defendants do not cite to any caselaw or elaborate on their argument outside of this single sentence. See *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (explaining that "perfunctory and undeveloped arguments * * * are waived" (citation omitted)). Moreover, as Plaintiffs explain, the paragraphs at issue allege that "Defendants" took an action, and the complaint explains that the Defendants are the two funeral homes and the De La Torre family. [43, at 13–14; 33, at ¶¶ 13–18]; see also *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (explaining that the plaintiff "adequately pleads personal involvement, because he specifies that he is directing this allegation at all of the defendants"). As discovery unfolds and the parties learn more about which Defendants took which actions any arguments that Plaintiffs have painted with too broad a brush will emerge and can be addressed at the summary judgment stage.

4

### IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss [39] is denied. Counsel are directed to file a joint status report, including a discovery plan and a statement in regard to any interest in a referral to the Magistrate Judge for a settlement conference, no later than March 26, 2021.

Dated: March 5, 2021

 Robert M. Dow, Jr.
 United States District Judge